UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. REEVES, | ) | CASE NO. 5:15CV2031 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | **ORDER AND DECISION** |
| THE CITY OF AKRON, *et al.*, | ) ) | (Resolving Docs. 13, 14) |
| Defendants. | ) ) | |

This matter is before the Court on separate Motions to Dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12 (b)(6) filed by Defendants, Lieutenant Brian Simcox, Summit County Sheriff Steve Barry, Summit County Deputies Jane/John Does, 1, 2, and 3. Docs. 13, 14. Plaintiff has not filed a brief in opposition to either motion. After independently reviewing the pleadings in a light most favorable to the Plaintiff, the Court finds that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Defendants are entitled to judgment on the pleadings on all claims. As such, this Court hereby GRANTS Defendants' Motions to Dismiss the Amended Complaint.

**I. ANALYSIS**

On March 9, 2013, Plaintiff William Reeves was arrested by the Akron Police Department at a residence in the City of Akron. Docs. 12, 12-1. A police K-9 was deployed to assist officers in apprehending the Plaintiff. Doc. 12 at ¶17(b). As a result, Plaintiff suffered certain dog-bite wounds and was transported from the scene to the hospital. Doc. 12 at ¶(d). After receiving treatment, he was taken to the Summit County Jail. Doc. 12 at ¶17(d). Plaintiff alleges that the hospital would not stitch his wounds because dog bites "have to heal from the inside out." Doc. 12 at ¶17(e). "After hours," he alerted jail staff that he needed additional

medical assistance, and he was transported to the hospital once again where he was admitted for an infection. Doc. 12 at ¶¶17(e), (f). The Plaintiff remained in the hospital for five days and then returned to the Summit County Jail medical pod. Doc. 12 at ¶¶(f), (g).

On October 1, 2015, Plaintiff filed a lawsuit naming the City of Akron, Officer Simcox (mis-named "Simcoxs"), Jane/John Doe Akron Police Officers 1-3, Deputy Sheriffs 1-2, unspecified Doctor, Nurses 1-2, Akron Police K-9 dog, and Summit County Sheriff Steve Barry. Doc. 1. Plaintiff alleged violations of 42 U.S.C. §1983, including violations of the Eighth Amendment to the U.S. Constitution, and state law claims for intentional infliction of emotional distress. Doc. 1. Plaintiff later dismissed the City of Akron as a party and filed an Amended Complaint, which asserted the same claims but excluded the City as a party. Docs. 12, 22. The remaining parties have filed for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(b)(6) through two separate motions on behalf of the county and city defendants, respectively. The Court hereby GRANTS the Defendants' motions.

### A. Legal Standard

> When evaluating a motion to dismiss pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 174–75, 86 S.Ct. 347, 348–49, 15 L.Ed.2d 247 (1965). The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

*Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint, *Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir.2010)*. When ruling on a motion to dismiss under Rule 12(b)(6), the Court must construe the Complaint in a light most favorable to the non-moving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the

pleadings of the opposing party must be taken as true, but a court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir.1999). "[M]atters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis omitted).

### B. Plaintiff's claims under 42 U.S.C. §1983 and state law claims are barred by the statute of limitations.

Plaintiff alleges that he sustained numerous bodily injuries for which Defendants are now liable under 42 U.S.C. §1983 and Ohio state law. Specifically, as to Lt. Simcox, Plaintiff alleges "police brutality," "excessive force," "infliction of personal injury," and "permanent disfigurement and disability." Doc. 12 at ¶5. Plaintiff makes the same allegations against Sheriff Barry and the John Doe deputies, adding a claim for "failure to properly train his/her Deputies." Defendants now argue that all claims are barred by the statute of limitations. Defendants' argument is well-taken.

"Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations." *Hubbard v. City of Cleveland,* 1:11CV0282, 2011 WL 873503, at *1 (N.D. Ohio Mar. 11, 2011); *see also Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan.28, 2002) ("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate."). There is no federal statute of limitations period for an action brought under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261 (1985). Instead, Courts look to the applicable state law where the wrong allegedly occurred to determine the statute of limitations

for personal injury. *See Owens v. Okure,* 488 U.S. 235, 239–40 (1989). Ohio's two-year statute of limitations for bodily injury applies to §1983 actions. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995).

### 1. Lt. Simcox

Here, in Plaintiff's original Complaint, he alleged that Lt. Simcox engaged in constitutional violations on March 9, 2013 at the residence where Plaintiff was arrested. Doc. 1. In his Amended Complaint, he incorporates affidavits into his amended pleading, which also establish March 9, 2013 as the date of the alleged unlawful use of force and resulting injury. Doc. 12. Thus, according to Ohio's two-year statute of limitations, Plaintiff must have filed his original claims against Lt. Simcox by March 9, 2015. Instead, Plaintiff filed the underlying action almost seven months later, on October 1, 2015. Plaintiff's §1983 claims and state-law claims for emotional distress and bodily injury are time-barred as against Lt. Simcox.[1]

### 2. Sheriff Barry and John Doe Deputies

In Plaintiff's original Complaint, he alleged that Sheriff Barry and certain unnamed deputies violated his rights and caused him to suffer injury in violation of §1983 and Ohio state law beginning on March 9, 2013 and continuing for five days thereafter when he was taken to the hospital and then returned to the county jail. Doc. 1. The Plaintiff also alleges a §1983 action for failure to properly train certain unnamed deputies. These allegations are described again in the Amended Complaint and the attached affidavits.

Assuming that the violations alleged by Plaintiff were ongoing throughout the time period stated, Plaintiff needed to file his lawsuit by March 14, 2015. Instead, he filed on October 1, 2015, and his §1983 and state law claims for bodily injury and emotional distress are now

---

[1] Plaintiff has made claims against the Akron police K-9. However, an individual cannot bring an action against a police dog for civil rights violations.

time-barred against Sheriff Barry and his deputies. *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985) (Limitations period for a §1983 action is the same as for personal injury actions in the state in which the §1983 claim arises).

## II. REMAINING MOTIONS

On March 10, 2016, Plaintiff filed a motion for appointment of counsel and a motion for extension of time. Neither the appointment of counsel nor additional time would resolve the legal bar created by the statute of limitations. As such, both motions are denied.

## III. CONCLUSION

Reviewing the pleadings in a light most favorable to the Plaintiff, he cannot state a claim for which relief can be granted. Plaintiff's claims are time-barred by the applicable statute of limitations. Defendants' Motions to Dismiss the Amended Complaint are hereby GRANTED and the case is DISMISSED.

IT IS SO ORDERED.

DATE: September 28, 2016              */s/ John R. Adams*_____
                                       Judge John R. Adams
                                       UNITED STATES DISTRICT COURT